IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN D. GARSA, JR., § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 1:21-cv-113 |
| § | | |
| JENNIFER SHOEMAKER, et al., § | | |
|     Defendants. § | | |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

    On July 26, 2021, Plaintiff Juan D. Garsa Jr. filed a prisoner civil rights complaint against Defendants Jennifer Shoemaker, "Jail Standards," "Admin Cortez," "Joe Salazar," and the Willacy County Sheriff's Department. Dkt. No. 1. Garsa's complaint centers around what he considers to be civil rights violations.

    Garsa did not prepay the filing fee or move to proceed in forma pauperis. On July 27, 2021, the Court ordered Garsa to either pay the filing fee or file a motion to proceed in forma pauperis. Dkt. No. 4. The Court gave Garsa until August 27, 2021, to correct this deficiency. Id. Garsa was warned that "[f]ailure to comply with this requirement may result in the complaint being dismissed without prejudice for want of prosecution." Id.

    The order was sent to Garsa's last known address. The certified mail receipt indicated that it was signed for and the mail has not been returned to the Court as undeliverable. Dkt. No. 6. The signed certified mail receipt was filed with the clerk's office on August 3, 2021. Id. Thus, more than a month after the deadline expired, Garsa has neither paid the filing fee nor moved to proceed in forma pauperis.

**I. Applicable Law**

    A district court may sua sponte dismiss an action for failure to prosecute or to comply with any order. FED. R. CIV. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988). Generally, such dismissals are without prejudice. A case may be dismissed with prejudice for want of prosecution only if there is "a clear record of delay or contumacious conduct by the plaintiff" and lesser sanctions would not prompt diligent

prosecution, or lesser sanctions have been employed and have been futile. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992). Generally, one of three aggravating factors is present in a dismissal with prejudice: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Id.

## II. Analysis

Garsa's failure to respond to the Court's court order instructing him to pay the filing fee or submit the documentation and application to proceed in forma pauperis warrants dismissal of his claims without prejudice. Caton v. Dretke, 2008 WL 177704 (E.D. Tex. Jan. 17, 2008).

While a dismissal without prejudice is recommended, such a dismissal may amount to a dismissal with prejudice, if the "statute of limitations prevents or arguably may prevent a party from refiling his case after it has been dismissed." Burden v. Yates, 644 F.2d 503, 505 (5th Cir. 1981) (quoting Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 213 (5th Cir. 1976) (emphasis added)). Where there is any doubt as to the effect of the dismissal, the higher standard for dismissal with prejudice should be applied. Collins v. Stalder, 236 Fed. App'x. 29, *1 (5th Cir. 2007) (unpubl.) (citing Boazman, 537 F.2d at 212-13).

Garsa's sparse complaint alleges that he has not been allowed to correspond with counsel, including jailhouse lawyers; does not have access to a law library; and unspecified claims of Eighth Amendment violations. The statute of limitations for prisoner civil rights claims is two years. Piotrowski v. City of Houston, 51 F.3d 512, 514 n. 5 (5th Cir. 1995). While Garsa's complaint does not list specific dates for his claims, they appear to be continuing injuries rather than specific events. When a tort involves continuing injury, the cause of action "does not accrue until the tort has ceased." Nottingham v. Richardson, 499 F. App'x 368, 375 (5th Cir. 2012). Because the torts appear to have continued at least until Garsa filed his complaint, any re-filed complaint would likely be timely filed. Accordingly, any dismissal would not operate as a de facto dismissal with prejudice.

### III. Recommendation

The Court recommends that the complaint filed by Juan D. Garsa Jr., Dkt. No. 1, be dismissed without prejudice for want of prosecution.

The parties have fourteen days (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on October 8, 2021.

_____
Ronald G. Morgan
United States Magistrate Judge